1   ERIC W. SWANIS, ESQ.
    Nevada Bar No. 6840
2   **GREENBERG TRAURIG, LLP**
    10845 Griffith Peak Drive, Suite 600
3   Las Vegas, Nevada 89135
    Telephone: (702) 792-3773
4   Facsimile: (702) 792-9002
    Email: swanise@gtlaw.com
5   *Counsel for Defendants*

6

7                **IN THE UNITED STATES DISTRICT COURT**

8                     **FOR THE DISTRICT OF NEVADA**

9   MICHAEL CAMPOBASSO,                    Case No. 2:20-cv-01740-APG-BNW

10                      Plaintiff,         **STIPULATION AND [PROPOSED]
                                           ORDER TO STAY CASE (FIRST
11       v.                                REQUEST)**

12
     C. R. BARD, INCORPORATED and BARD
13   PERIPHERAL VASCULAR, INCORPORATED,

14
                        Defendants.
15

16          The Parties in the above-captioned matter hereby stipulate and jointly request this Court to

17   stay this case through January 28, 2021, and to extend any existing pretrial deadlines impacted by the

18   stay for one hundred and twenty (120) days to permit them to pursue and finalize  a potential global

19   settlement of this and all cases filed by Plaintiff's counsel in similar matters.  The Parties have been

20   working together cooperatively and diligently on settlement efforts.   The Parties believe that a stay

21   is necessary to conserve their resources and attention so that they may attempt to resolve this case

22   and the claims of other plaintiffs represented by Plaintiff's counsel.

23          Plaintiff's counsel in this matter represents several plaintiffs with cases proceeding in this and

24   other courts across the country asserting similar claims against Defendants for injuries they contend

25   arise out of their use of Defendants' IVC filters.  Plaintiff's counsel was involved in IVC filter

26   litigation against Defendants in the MDL.  Defendants have retained Chip Gaudreau, Esq. of

27   Greenberg Traurig, LLP as settlement counsel for their IVC filter cases; Mr. Gaudreau has

28   successfully resolved thousands of similar cases with other counsel representing similarly-situated

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002

1    plaintiffs.  Thus, counsel for the Defendants and Plaintiff are well experienced in the claims and issues

2    in these cases in order to successfully negotiate the resolution of such cases.

3         Notwithstanding the Parties' diligence in working cooperatively toward settlement, the

4    process is taking longer than originally anticipated.  As part of that process, the Parties and their

5    counsel have agreed to "stand down" while they continue to pursue settlement discussions.  Thus, the

6    Parties stipulate and jointly request this Court to enter a stay of all discovery through and including

7    January 28, 2021 and extend all pretrial deadlines in this case.

8         Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority

9    and discretion to manage its own docket, this Court has the authority to grant the requested stay.  Fed.

10   R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good

11   cause, extend the time...."); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is

12   sought may move for a protective order in the court where the action is pending . . . The court may,

13   for good cause, issue an order to protect a party or person from annoyance, embarrassment,

14   oppression, or undue burden or expense.").

15        This Court therefore has broad discretion to stay proceedings as incidental to its power to

16   control its own docket – particularly where, as here, a stay would promote judicial economy and

17   efficiency.  *Bacon v. Reyes*, 2013 U.S. Dist. LEXIS 143300, at *4 (D. Nev. Oct. 3, 2013) (*citing,*

18   *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)) ("Whether to grant a stay is within

19   the discretion of the court"); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district

20   court has discretionary power to stay proceedings in its own court."); *Landis v. N. Am. Co.*, 299 U.S.

21   248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court

22   to control the disposition of the causes on its docket with economy of time and effort for itself, for

23   counsel, and for litigants.").

24        Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority

25   to limit the scope of discovery or control its sequence.  *Crawford-El v. Britton*, 523 U.S. 574, 598

26   (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate

27   the sequence of discovery.")

28   / / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

In deciding whether to stay proceedings, courts weigh the competing interests of the parties and the court:

> Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer,* 398 F.3d at 1110 (*citing Landis*, 299 U.S. at 255).  Facilitating the efforts of parties to resolve their disputes weighs in favor of granting a stay.  In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev. July 8, 2013), the parties requested a 60-day stay to facilitate ongoing settlement negotiations and permit them to mediate global settlement.  The Court granted the stay, finding the parties would be prejudiced if required to move forward with discovery at that time and a stay would potentially prevent an unnecessary complication in the case.  *Id*. at *3. Similarly, the Parties in the present case are engaged in ongoing global settlement negotiations.

Thus, in order to facilitate settlement and conserve the resources of this Court and the Parties, the Parties stipulate and jointly request this Court to enter a stay of this case through January 28, 2021. The Parties further request that the Court extend the deadlines in this case by one hundred and twenty (120) days (more or less to accommodate weekends and holidays) in light of the stay and the Parties' agreement to "stand-down" and focus on settlement, as follows:

| EVENT | EXISTING DEADLINE | PROPOSED EXTENDED DEADLINE |
|---|---|---|
| Parties shall file a joint status report | October 18, 2020 | February 15, 2021 |
| Non-resident attorneys shall file pro hac vice applications | November 2, 2020 | March 2, 2021 |
| Parties shall meet and confer pursuant to Fed. R. Civ. P. 26(f) | November 2, 2020 | March 2, 2021 |

/ / /

/ / /

/ / /

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002

Respectfully submitted this 31st day of October, 2020

MCGLYNN GLISSON & MOUTON

GREENBERG TRAURIG, LLP

By:  /s/ Amanda L. Washington
AMANDA L. WASHINGTON, ESQ.
amanda@mgmattorneys.com
340 Florida Street
Baton Rouge, LA 70801
Telephone: (225) 344-3555
Facsimile: (225) 344-3666
**Counsel for Plaintiff**

By:  /s/ Eric W. Swanis
ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
swanise@gtlaw.com
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
**Counsel for Defendants**

## ORDER

The Court, having reviewed the stipulation of the Parties, and good cause appearing therefore:

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that all activity in this case shall be stayed through and including **January 28, 2021**.

**IT IS FURTHER HEREBY ORDERED ADJUDGED AND DECREED** that the discovery deadlines are extended as set forth above.

IT IS FURTHER HEREBY ORDERED ADJUDGED AND DECREED that plaintiff must comply with ECF No. 7 within 2 days following the lifting of the stay in this case.

**IT IS SO ORDERED**

**DATED:** 5:28 pm, November 20, 2020

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**